IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JONATHAN TYRONE HOUGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:16CV733 |
| | ) | 1:01CR107-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brings a Motion [Doc. #169] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He was convicted in this Court of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and one count of carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Petitioner received a sentence of 262 months of imprisonment for the drug count and a consecutive 60 months of imprisonment for the firearm count. He unsuccessfully pursued prior Motions under § 2255 in this Court. However, he received permission from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 Motion, authorizing the current Motion. Respondent responded with a Motion to Dismiss [Doc. #174]. Thereafter, the Court entered an Order [Doc. #177] staying this matter in light of United States v. Brown, No. 17-9276 (U.S), which was then pending before the United States Supreme Court on a petition for certiorari. The Court ordered that any Supplemental Reply by Petitioner be filed within 30 days of a decision in Brown. The Supreme Court later denied certiorari in Brown v. United States, ___ U.S. ___, 139 S. Ct. 14 (2018). Because more

than thirty days have passed without any further filings by the parties concerning Brown, the Court will recommend that the stay be lifted and will address the parties' pending Motions.

Petitioner's pending § 2255 Motion raises a single ground for relief in which he challenges his sentence based on Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015). He contends that a career offender sentencing enhancement that was applied to him under § 4B1.1 of a mandatory version of the United States Sentencing Guidelines is no longer valid following Johnson.

Respondent requests dismissal on the ground that Petitioner's Motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for seeking such review. Clay v. United States, 537 U.S. 522 (2003). Where no direct appeal is filed, the conviction becomes final when the fourteen-day notice of appeal period expires. Id.; Fed. R. App. P. 4(b). Here, Petitioner's judgment was entered on October 31, 2001, and he did not file a direct appeal. Therefore, his year to file under subsection (f)(1) began to run in November of 2001 and expired a year later. Although Petitioner made a number of filings in

2

this Court over the years, he did not raise his current claim for relief until at least 2015 when he sought permission to file his current § 2255 Motion. Petitioner's claim is years out of time under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his Motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing the § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing his Motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner relies on Johnson as the basis of his claim, but Johnson does not provide Petitioner with more time to file under subsection (f)(3). As the Fourth Circuit explained in Brown when addressing a Johnson-based challenge to a mandatory Guidelines enhancement:

> Although this court can render a right retroactively applicable, only the Supreme Court can *recognize* a new right under § 2255(f)(3). Consequently, to find Petitioner's motion timely, we must conclude that it relies on a right "recognized" in Johnson or another more recent Supreme Court case. . . .
>
> . . . .
>
> While Johnson did announce a retroactively applicable right, Johnson dealt only with the residual clause of [the Armed Career Criminal Act, 18 U.S.C. § 924(e)]—a federal enhancement statute. Johnson did not discuss the mandatory Sentencing Guidelines' residual clause at issue here or residual clauses in other versions of the Sentencing Guidelines.
>
> . . . .

3

> Accordingly, at least for purposes of collateral review, we must wait for the Supreme Court to recognize the right urged by Petitioner. We hold that Petitioner raises an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of <u>Johnson</u>'s binding holding, and <u>Beckles</u>'s indication that the position advanced by Petitioner remains an open question in the Supreme Court.

<u>United States v. Brown</u>, 868 F.3d 297, 301–03 (4th Cir. 2017) (emphasis added) (internal citations and emphasis omitted), <u>cert. denied</u>, 139 S. Ct. 14 (2018); <u>see also</u> <u>Brown</u>, 868 F.3d at 299 ("[W]e are constrained . . . from extrapolating beyond the Supreme Court's holding to apply what we view as its 'reasoning and principles' to different facts under a different statute or sentencing regime. We are thus compelled to affirm the dismissal of Petitioner's motion as untimely under 28 U.S.C. § 2255(f)(3)."); <u>Brown</u>, 868 F.3d at 304 ("We are constrained from reading between the lines of [Supreme Court decisions] to create a right that the Supreme Court has yet to recognize. We are compelled to affirm [the dismissal of Petitioner's motion under Section 2255] because only the Supreme Court can recognize the right which would render Petitioner's motion timely under § 2255(f)(3)."). Based on the above analysis and the holding in <u>Brown</u>, subsection (f)(3) does not render Petitioner's claim timely.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims in his Motion are based on facts that existed and were known to him at the time his Judgment was entered. Cases decided subsequent to Petitioner's direct appeal do not constitute new facts affecting the statute of limitations under subsection (f)(4). <u>United States v. Whiteside</u>, 775 F.3d 180, 184 (4th Cir. 2014). Therefore, this subsection also does not apply and Petitioner's Motion is untimely.

Finally, the Supreme Court has determined that the one-year limitation period is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). However, Petitioner makes no argument that equitable tolling applies in his case. His claim is untimely and should be dismissed.[1]

IT IS THEREFORE RECOMMENDED that the prior stay be lifted, that Respondent's Motion to Dismiss [Doc. #174] be granted, that Petitioner's Motion [Doc. #169] to vacate, set aside or correct sentence be dismissed, and that judgment be entered dismissing the action.

This, the 12th day of July, 2019.

                                                /s/ Joi Elizabeth Peake
                                                United States Magistrate Judge

---

[1] The Court notes that Petitioner has also filed a Motion under the First Step Act of 2018, which is proceeding separately and will be considered when it is fully briefed pursuant to the Court's Internal Procedures.